HARWOOD, Justice.
This case arises out of an accident involving a passenger van owned and operated by the Greater Mobile-Washington County Mental Health-Mental Retardation Board, Inc. (“the Board”). At the time of *955 the accident, 11 residents of a group home operated by the Board were passengers in the van. This Court’s opinion in Ex parte Greater Mobile-Washington County Mental Health-Mental Retardation Board, Inc., 940 So.2d 990 (Ala.2006) (hereinafter “Kininessi”), described the accident involving the van, in which Dwight Eric Ki-ninessi, a resident of the group home, was killed. One other passenger, Todd Brown, was killed in the accident.
Kininessi’s mother and Brown’s father filed separate wrongful-death actions against the Board and Alberta D. Abrams, the house manager of the group home who was driving the van at the time of the accident (hereinafter referred to jointly as “the defendants”). In each action the defendants moved for a summary judgment on the basis of various types of immunity, the Board principally relying on its claim that it was entitled to absolute “sovereign immunity” under Art. I, § 14, Alabama Constitution of 1901, and Abrams claiming “State-agent” immunity. The circuit judge assigned the case involving Kininessi denied the motions for a summary judgment filed in it, and the defendants petitioned this Court for a writ of mandamus directing the judge to grant their motions. This Court undertook a thorough review of the caselaw relating to the criteria for determining whether a particular entity qualifies as a State agency for purposes of § 14 and concluded that the Board had not shown that it qualified as a State agency and, consequently, that Abrams could not be classified as a State agent. The Court also explained why it rejected the Board’s alternative claim of “substantive immunity” of the type recognized by Rich v. City of Mobile, 410 So.2d 385 (Ala.1982), and its progeny.
In the present appeal, the plaintiff, Tad Brown, proceeding as “personal representative and/or administrator of the estate of Todd Brown,” appeals from the ruling of a different circuit judge handling his case. The judge in Brown’s case entered judgments for the Board and for Abrams, based on his conclusion that the Board was entitled to sovereign immunity as a State agency and that Abrams, as its employee, was entitled to State-agent immunity, as articulated in Ex parte Cranman, 792 So.2d 392 (Ala.2000).
Our opinion in Kininessi essentially disposes of all of the arguments presented by the Board in this present appeal; for that reason and other reasons hereinafter explained, we reverse the summary judgments for the Board and Abrams entered by the Mobile Circuit Court on August 23, 2005.
In their joint brief filed with this Court on March 16, 2006, the Board and Abrams acknowledge this Court’s opinion in Kini-nessi issued on March 3, 2006, but they do not undertake to examine, or to distinguish, its rationale and holding. The only new argument they advance in support of their immunity theory is the suggestion that this Court in Kininessi “overlooked” the recent history and current operations of the State of Alabama’s mental-health system as described and mandated over the course of what they refer to as the “Wyatt litigation,” comprising Wyatt ex rel. Rawlins v. Sawyer, 219 F.R.D. 529 (M.D.Ala.2004); Wyatt v. Rogers, 985 F.Supp. 1356 (M.D.Ala.1997); Wyatt v. King, 803 F.Supp. 377 (M.D.Ala.1992); Wyatt v. Wallis, Civ. A. No. 3195-N, September 22, 1986 (M.D.Ala.1986) (not reported in F.Supp.); and Wyatt v. Stickney, 325 F.Supp. 781 (M.D.Ala.1971).
We reject the notion that we “overlooked” the Wyatt litigation in Kininessi, for the simple reason that in their briefs filed in Kininessi the Board and Abrams never cited any of those cases or alluded to them in any fashion whatsoever in either *956 the trial court or their submissions to this Court, until after our opinion in Kininessi was issued on March 3, 2006. In their application for rehearing in Kininessi, the Board and Abrams argued for the first time that implications of the Wyatt litigation supported their contention that the Board was due recognition as a State agency clothed with sovereign immunity. However, “[m]atters not argued in an appellant’s brief on original submission cannot be raised for the first time on application for rehearing.” SouthTrust Bank v. Copeland One, L.L.C., 886 So.2d 38, 43 (Ala.2003) (opinion on application for rehearing).
Likewise, in this case neither the Board nor Abrams cited the Wyatt litigation in their respective motions for a summary judgment and neither the 19-page summary-judgment order the trial judge entered for the Board nor the 24-page summary-judgment order the judge entered for Abrams contained any reference to the Wyatt litigation. Only in the Board’s brief filed with this Court 13 days after our opinion in Kininessi was issued did the Board turn to the Wyatt litigation as support for its position that it was entitled to sovereign immunity as a State agency. However, subject to limited exceptions based on due-process constraints requiring notice at the trial level,
“an appellate court will affirm a summary judgment on the basis of a law or legal principle not invoked by the moving party or the trial court, even though an appellate court will not reverse a summary judgment on the basis of a law or legal principle not first argued to the trial court by the nonmoving party.”
Vesta Fire & Ins. Corp. v. Milam & Co. Constr., 901 So.2d 84, 104 (Ala.2004).
Nonetheless, we do not find those features of the Wyatt litigation the Board now discusses to be contrary to our analysis and holding in Kininessi. The Wyatt litigation simply required that the Alabama Department of Mental Health and Mental Retardation develop a broad range of community facilities and programs so that persons theretofore hospitalized in State institutions but not requiring institutionalization could experience the benefits of community placement. How that was accomplished, and through what mechanisms and facilities, was not dictated by the Wyatt litigation; those decisions did not undertake to specify by whom the local community facilities should be owned or operated. Nothing in those decisions indicated that local community facilities could not or should not be owned and operated by the State of Alabama, as opposed to private entities, local governmental entities, some form of public corporation, or combinations thereof. As Brown aptly points out in his reply brief, “[the Board] simply assumes that all actions taken in response to the Wyatt litigation must be taken by State entities that are within the scope of § 14 of the Constitution, but Wyatt is completely unconcerned with and has no bearing on that question.” (Brown’s reply brief, p. 8.) The legislation authorizing the creation of public corporations such as the Board was enacted in 1967, well in advance of the first of the decisions in the Wyatt litigation, and it is therefore clear that those public corporations were not created simply to implement the mandates of the Wyatt litigation.
Having concluded that our opinion in Kininessi fully addresses and disposes of all contentions and arguments now advanced by the Board and Abrams, other than their arguments concerning the implications of the Wyatt litigation, which we today reject, we again hold that the Board has not shown itself to be a State agency entitled to sovereign immunity under § 14, Ala. Const.1901, and that Abrams conse *957 quently does not qualify as a State agent. We reverse the summary judgments entered in favor of the Board and Abrams and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.